# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jessica L. Sandvoss,                                        Case No. 3:17CV1784

        Plaintiff

      v.                                                 **ORDER**

Commissioner of Social Security,

        Defendant

This is a Social Security case in which the plaintiff, Jessica Sandvoss, appeals the
Commissioner's decision denying her application for benefits.

An administrative law judge concluded that Sandvoss suffered from multiple severe
impairments, including an intellectual disability. (Doc. 9 at 29). But the ALJ rejected Sandvoss's
claim that her intellectual disability met or exceeded Listing 12.05C, a claim that, had the ALJ
accepted it, would have resulted in a non-rebuttable presumption that Sandvoss could not
perform any gainful work. (*Id.* at 31–32). The ALJ went on to find that Sandvoss had the residual
functional capacity to perform light work, and that there were a significant number of such jobs
in the national economy that Sandvoss could perform. (*Id.* at 32–37). For that reason, the ALJ
ruled that Sandvoss was not disabled.

Pending is Magistrate Judge Knepp's Report and Recommendation, which recommends
that I affirm the Commissioner's decision. (Doc. 13). The Magistrate Judge concluded that
substantial evidence supported the ALJ's ruling that Sandvoss "did not have deficits in adaptive
functioning, and thus did not meet the Listing's diagnostic description." (*Id.* at 14).

Sandvoss has objected (Doc. 14), but on de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), I overrule the objection, adopt the R&R as the order of the court, and affirm the Commissioner's decision.

"Listing 12.05 contains an introductory paragraph with the diagnostic description of 'intellectual disability' and four sets of criteria set forth in paragraphs (A)-(D)." *Price v. Comm'r of Soc. Sec.*, 2018 WL 4300019, *7 (S.D. Ohio 2018) (citing 20 C.F.R. Part 404, Subpart P, App. 1, § 12.05). "If an individual's intellectual disability satisfies the diagnostic description in the introductory paragraph and any of the four sets of criteria set forth in Listing 12.05(A)-(D), then the individual's impairment will be found to meet the Listing." *Id.*

Under the introductory paragraph, "intellectual disability" means "significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22." *Id.* Such deficits in adaptive functioning must be "*significant,*" given that individuals with low IQ scores to whom the Listing applies are unlikely to have "absolutely no deficits in adaptive functioning." *Griffith v. Colvin*, 2014 WL 5858337, *5 (N.D. Ohio 2014) (White, J.) (internal emphasis in original).

Paragraph C of the Listing requires the claimant to establish a valid verbal, performance, or full-scale IQ score of between 60 and 70, and that she has a mental or physical impairment that "impos[es] an additional significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, App. 1, § 12.05C.

Here, the ALJ found that Sandvoss met the requirements in Paragraph C, but concluded that she did not, as the introductory paragraph requires, have deficits in adaptive functioning.

In support, the ALJ cited evidence showing that Sandvoss: 1) graduated high school, despite her difficulties with math, below-average grades, and participation in some special-

education classes; 2) worked "in excess of substantial gainful activity for 11 years . . . in semi-skilled and unskilled occupations"; 3) lived alone and functioned independently (while also receiving some help from her parents, who lived in Florida for most of the year); and 4) was able to drive, "manage a checkbook," use a computer, and do household chores like preparing simple meals, cleaning, and laundry. (Doc. 9 at 32).

Sandvoss objects that the ALJ cherry-picked the record and ignored the evidence of her deficits in adaptive functioning.

While Sandvoss acknowledges that her lengthy employment record, Sandvoss contends that she had great difficulty maintaining those jobs; she also notes that two of her employers fired her for getting into altercations with customers or coworkers. (Doc. 14 at 3). Sandvoss also emphasizes her testimony that she was then living with her parents, and that her parents "paid all of her monthly bills due, as she was unable to." (*Id.*). Finally, she points to a consultative examiner's opinion that Sandvoss had significant cognitive deficits. (*Id.* at 3–4).

These complaints notwithstanding, the ALJ adduced substantial evidence for her finding that Sandvoss did not have deficits in adaptive functioning.

Maintaining long-term employment, obtaining a high-school degree, and living independently without substantial assistance from others are all grounds on which a reasonable decision-maker could find that Sandvoss did not have significant deficits in adaptive functioning. *See Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 434 (6th Cir. 2016) (work history); *Mutalemwa v. Comm'r of Soc. Sec.*, 2014 WL 4104127, *13 (N.D. Ohio 2014) (Lioi, J.) (GED degree); *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 677 (6th Cir. 2009) (ability to perform daily activities and manage basic household chores).

Sandvoss's objection cites evidence that might have supported a determination that she did, in fact, have some deficits in adaptive functioning. But the ALJ's decision must stand "so long as substantial evidence also supports the decision reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

For the reasons just given, and for those identified in the Magistrate Judge's R&R (Doc. 13 at 12–15), there is substantial, indeed ample, evidence to support the ALJ's ruling that Sandvoss did not have significant deficits in adaptive functioning, and thus that her intellectual disability does not meet or exceed Listing 12.05C.

## Conclusion

It is, therefore,

ORDERED THAT:

1.      Sandvoss's objection to the Magistrate Judge's Report and Recommendation (Doc. 14) be, and the same hereby is, overruled;

2.      The Magistrate Judge's Report and Recommendation (Doc. 13) be, and the same hereby is, adopted as the order of the court;

3.      The Commissioner's decision be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge